UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY MEDINA

                    Plaintiff,

    v.

JASON J. BARRETT, et al.,

                    Defendants.

_____

DECISION AND ORDER

Case # 14-CV-6377-FPG

Before the Court is a motion to appoint counsel (ECF No. 8) filed by Plaintiff Anthony Medina ("Medina") and a motion for partial summary judgment (ECF No. 9) filed by five of the six defendants in this case.

## BACKGROUND

Medina is a prisoner currently housed at Five Points Correctional Facility in Romulus, New York. He brings this action *pro se* against five prison officials and the New York State Department of Corrections and Community Supervision for problems arising out of his incarceration at Wende Correctional Facility ("Wende") in Alden, New York. By Order dated March 17, 2015, the Court granted Medina's request to proceed *in forma pauperis*. ECF No. 5.

The precipitating event in this action is a physical altercation between Medina and another inmate, during or after which Officer Barrett ("Barrett"), a corrections officer at Wende, allegedly struck Medina in the head with a baton. ECF No. 1 at ¶¶ 14–15. Medina asserts that Barrett and Officer McKeel ("McKeel"), another Wende corrections officer, then filed false reports about the incident, which resulted in Medina being placed in the Special Housing Unit

("SHU") at Wende. *Id.* at ¶¶ 17–20. Barrett and McKeel also allegedly gave false testimony about the incident during an ensuing disciplinary proceeding, which resulted in Medina remaining in the SHU for sixty days. *Id.* at ¶¶ 21–27, 36. While in the SHU, Medina alleges that he was denied certain accommodations that—as an individual who is legally blind—he needed to properly defend himself during the disciplinary proceeding and, more generally, he needs to function from day to day. *Id.* at ¶¶ 32–51. These accommodations include a closed circuit TV magnifier, a computer with software for the sight-impaired, and documents printed with enlarged font. *Id.* at ¶ 37. Medina further alleges that as result of not receiving these accommodations, he was not able to complete a form for medical care, and thus he was effectively denied medical care. *Id.* at ¶¶ 52–54.

Accordingly, Medina brings claims under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (42 U.S.C. §§ 12101-12132), and Section 504 of the Rehabilitation Act (29 U.S.C. § 794).

## DISCUSSION

Medina has now filed a motion to appoint counsel. ECF No. 8. He contends that counsel should be appointed here because he suffers from serious mental illness, scoliosis, osteoarthritis, and cervical spine syndrome, all of which interfere with his ability to write. *Id.* at ¶ 2. He also contends that he is legally blind and without access to accommodating devices, which interferes with his ability to read and write. *Id.* at ¶ 3. Notably, he also asserts that "in a case less complicated than this one," the Second Circuit "agreed" that his legal blindness, mental illness, and lack of access to accommodating devices warranted the appointment of counsel. *Id.* at ¶ 4 (citing *Medina v. Napoli*, 554 F. App'x 65, 66 (2d Cir. 2014)).

It is well-settled that there is no constitutional right to counsel in civil cases. *See In re*

*Martin–Trigona,* 737 F.2d 1254, 1260 (2d Cir. 1984).  Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g., Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such appointment is within the judge's broad discretion. *Hodge v. Police Officers,* 802 F.2d 58, 60 (2d Cir. 1986). The factors to be considered in deciding whether to appoint counsel include the following: (1) "whether the indigent's position seems likely to be of substance;" (2) "the indigent's ability to investigate the crucial facts;" (3) "whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;" (4) "the indigent's ability to present the case" and, relatedly, "the complexity of the legal issues;" and (5) "any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Id.* at 61–62.

The Court notes at the outset that Medina is very familiar with this type of action in federal court.  Since 2003, he has initiated at least nine actions, including this one, in the Northern, Southern, and Western and Districts of New York under at least one of the three statutes cited above, that is, 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act. *Medina v. Buther, et al.*, 7:2015-cv-01955 (S.D.N.Y. March 12, 2015); *Medina v. Barrett, et al.*; 6:14-cv-06377-FPG (W.D.N.Y. July 10, 2014); *Medina v. New York State Department of Corrections and Community Supervision, et al.*, 6:13-cv-06384 (W.D.N.Y. July 26, 2013); *Medina v. Fischer*, No. 1:2011-cv-00176 (S.D.N.Y. Jan. 4, 2011); *Medina v. Skowron*, No. 1:2008-cv-00573 (W.D.N.Y. August 4, 2008); *Medina v. Gonzalez*, No. 1:2008-cv-01520 (S.D.N.Y. Feb. 14, 2008); *Medina v. Napoli*, No. 1:2007-cv-00497 (W.D.N.Y. July 30, 2007); *Medina v. Hunt, et al.*, No. 9:2005-cv-01460 (N.D.N.Y. November 22, 2005); *Medina v.*

*New York State Dep't of Corr. Servs.*, No. 1:2003-cv-09249 (S.D.N.Y. November 21, 2003).[1] In

five of these cases, Medina sought or seeks accommodations for his legal blindness and, thus, he

specifically brought claims under *all three* statutes.  Thus, based on the Court's brief review of

Medina's filings in these cases, it is apparent that Medina has built up an expertise in this area of

the law that rivals that of a lawyer.  Stated simply, even given his disabilities, the Court does not

believe that Medina would have any difficulty investigating crucial facts or otherwise presenting

this case.

Medina is correct, however, that on a relatively recent appeal of one of these nine cases,

*Medina v. Napoli*, 2012 WL 5288713, the Second Circuit observed as follows:

> Counsel for both [the government and Medina] stated at oral argument that, in
> light of Medina's] continuing struggles with psychiatric issues, the further
> deterioration of his vision to the point of blindness, and the apparent present
> unavailability or ineffectiveness of certain accommodations previously made to
> assist him in reviewing materials and presenting his case, the appointment of
> counsel is now appropriate. We agree.

*Medina v. Napoli*, 554 F. App'x 65, 66 (2d Cir. 2014).  In other words, after both sides agreed at

oral argument that Medina's disabilities warranted the appointment of counsel, the Second

Circuit also agreed that Medina's disabilities warranted such an appointment.  *See id.*  On

remand to the district court, Medina then renewed his motion to appoint counsel, and the district

court heeded the Second Circuit's direction and appointed counsel.  *See Medina v. Napoli*, No.

07-CV-497-JTC, 2015 WL 5638101, at *1 (W.D.N.Y. Sept. 24, 2015).

This Court will similarly heed the Second Circuit's direction and find that as a result of

Medina's legal blindness and mental disabilities, appointment of counsel is justified here.  The

Court notes with caution, however, that "every assignment of a volunteer lawyer to an

---

[1]     These citations refer only to docket numbers—as opposed to Westlaw, Lexis, or Federal
Reporter citations—as the Court not addressing a specific decision in each case.
        The date in each citation is the date the action was initiated.

undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Here, it must be observed that Plaintiff's assertions that he is effectively unable to read or write and does not have reasonable accommodations are somewhat belied by the fact that he has filed lucid, cogent complaints *pro se* in four federal actions since 2009, when his vision apparently started seriously deteriorating. *Medina v. Buther, et al.*, 7:2015-cv-01955; *Medina v. Barrett, et al.*; 6:14-cv-06377; *Medina v. New York State Department of Corrections and Community Supervision, et al.*, 6:13-cv-06384; *Medina v. Fischer*, No. 1:2011-cv-00176. Most recently, in March of 2015, he filed a 50-page typed complaint in the Southern District of New York against thirteen defendants under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act. *Medina v. Buther, et al.*, 7:2015-cv-01955. The Court reminds Medina that it determines whether to appoint a lawyer on a case-by-case basis, and the appointment of a lawyer in this case is not an indication that a lawyer will be appointed in any subsequent case.

## CONCLUSION

In sum, Medina's request for appointment of counsel (ECF No. 8) is GRANTED. After counsel is appointed, the Court will issue a scheduling order setting forth the time in which Medina's counsel may respond to the partial summary judgment motion (ECF No. 9). Medina need not himself respond to the partial summary judgment motion.

The Court hereby directs the *Pro Se* Litigation Unit to identify an attorney who is willing to represent Medina in this matter and to advise this Court when *pro bono* counsel has been identified.

IT IS SO ORDERED.

DATED:      March 30, 2016
            Rochester, New York


_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court